*Judge Pauley,*

**09 CV 7576**

LEROY S. CORSA (LC 2966)
CHALOS & CO, P.C.
123 South Street
Oyster Bay, New York 11771

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DAVID OPPENHEIMER & CO.
               Plaintiff,

  - against -

AMERICAN PRESIDENT LINES, LTD.,
APL CO., PTE LTD., *in personam*, and the
MOL FORTITUDE, APL VIETNAM, APL
COLIMA, MOL EXPRESS, APL BEIJING,
APL NEW YORK,
               Defendants
-----------------------------------------------------------x

09 Civ (    )

COMPLAINT



09 CV 7576 (WHP)

Plaintiff, by its attorneys, CHALOS & CO, P.C., alleges upon information and belief, as follows:

**FIRST**: All and singular the following premises are true and constitute admiralty or maritime claims within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

**SECOND**: At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and place of business stated in Schedule "A" through "D" hereto annexed, and by this reference made a part hereof.

**THIRD**: At and during all the times hereinafter mentioned, Defendants had and now have the legal status and offices and places of business stated in Schedules "A" through "D" and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or

otherwise controlled the vessels above named as common carriers of merchandise by water for hire.

**FOURTH**: This Court has personal jurisdiction over the Defendants, and venue is proper by reason of Defendants' regular and systematic contacts with the State of New York and by reason of the forum selection clause contained in the ocean bills of lading issued by Defendants, which specify that disputes under said bills of lading are subject to the jurisdiction and venue of the United States District Court for the Southern District of New York.

**FIFTH**: At and during all the times hereinafter mentioned, the said vessels were and now are general ships employed in the common carriage of merchandise by water for hire, and now are or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

**SIXTH**: On or about the date and at the ports of shipments stated in Schedules "A" through "D," there were shipped by the shippers therein named and delivered to Defendants and the said vessels, as common carriers, the shipments described in Schedules "A" through "D" then being in good order and condition, and Defendants and the said vessels then and there accepted said shipments so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipments to the ports of destination stated in Schedules "A" through "D" and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignees named in Schedules "A" through "D."

**SEVENTH**: Thereafter, the said vessels arrived at the ports of destination, where they and Defendants made delivery of the shipments, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value by reason of the matter and things stated in Schedules "A" through "D," all in violation of Defendants' and the said vessels' obligations and duties as common carriers of merchandise by water for hire.

**EIGHTH**: Plaintiff was the shipper, consignee or owner of the shipments described in Schedules "A" through "D" and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipments, a its respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**NINTH**: By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the aggregate sum of $61,436.44.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if Defendants cannot be found within this District, then all their property within this District as described in Schedules "A" through "D" be attached in the aggregate sum of $61,436.44, with interest thereon and costs;

3. That Judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

4.   That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessels, their engines, etc., and that all persons having or claiming any interest, therein be cited to appear and answer under oath, all and singular the matter aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessels may be condemned and sold to pay therefor; and

5.   That this Court will grant Plaintiff such other and further relief as may be just and proper.

Dated:   Oyster Bay, New York
         August 31, 2009

                                        CHALOS & CO, P.C.
                                        Attorneys for Plaintuff

                         BY:   _____
                                        LEROY S. CORSA (LC 2966)
                                        123 South Street
                                        Oyster Bay, New York  11771
                                        Tel: (516) 714 4300
                                        Fax: (516) 750 9051

## SCHEDULE A

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff, David Oppenheimer & Co. was and now is a corporation or other business entity organized and existing under, and by virtue of law with an office and place of business at 180 Nickerson Street, Seattle, WA 98109.

**Defendants' Legal Status and Office and Place of Business:**

Defendants APL Co. Pte Ltd. and/or American President Lines Ltd. are now corporations or other business entities organized and existing under and by virtue of the laws of a foreign country with an office and place of business at 1085 Morris Avenue, Union, New Jersey 07083.

| | | |
|---|---|---|
| Vessel | : | *M/V MOL FORTITUDE/APL VIETNAM* |
| Bill of Lading Nos.<br>APLU 901011645<br>APLU 901011603 | : | Container Nos.<br>APLU 692296-0<br>APLU 693865-3 |
| Date of Shipment | : | 27 August, 2008 |
| Place of Shipment | : | San Antonio, Chile |
| Port of Destination | : | New York |
| Shipper | : | LaHiguera, S.A. |
| Consignee | : | David Oppenheimer & Co. |
| Description of Shipment | : | Cases of Clementines |
| Nature of Damage | : | Loss and damage, including but not limited to, deterioration during transport causing rejection, loss of sales and repackaging and other incidental expenses |
| Estimated Amount | : | $ 9,460.22 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DAVID OPPENHEIMER & CO.,

                             Plaintiff,          09 CV

-v-

                                        **VERIFICATION OF**
                                        **COMPLAINT**

AMERICAN PRESIDENT LINES, LTD., APL CO., PTE
LTD., *in personam*, and the MOL FORTITUTDE, APL
VIETNAM, APL COLIMA, MOL EXPRESS, APL
BEIJING, APL NEW YORK,

                             Defendants.
-------------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, LEROY S. CORSA, Esq., declares under the penalty of perjury:

       1.     I am Counsel to the law firm of CHALOS & CO, P.C., attorneys for the Plaintiff, DAVID OPPENHEIMER & CO, herein;

       2.     I have read the foregoing Verified Complaint and know the contents thereof; and

       3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents and underwriters.

       4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
          August 31, 2009

                                              CHALOS & CO, P.C.
                                              Attorneys for Plaintiff
                                              DAVID OPPENHEIMER & CO.

                        By: _____
                                              LEROY S. CORSA (LC 2966)
                                              123 South Street
                                              Oyster Bay, New York 11771
                                              Tel: (516) 714-4300
                                              Fax: (516) 750-9051