James H. Hohenstein
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
Telephone: (212) 513-3200
Telefax: (212) 385-9010
Email: jim.hohenstein@hklaw.com
       lissa.schaupp@hklaw.com

Attorneys for Defendant,
APL CO. PTE LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID OPPENHEIMER & CO.,<br><br>Plaintiff,<br><br>-against-<br><br>AMERICAN PRESIDENT LINES, LTD., APL CO., PTE LTD., *in personam,* and the MOL FORTITUDE, APL VIETNAM, APL COLIMA, MOL EXPRESS, APL BEIJING, APL NEW YORK,<br><br>Defendant. | 09 Civ. 7576 (WHP)<br><br>**ANSWER** |

NOW COMES Defendant, APL Co. Pte Ltd. ("APL"), by and through its attorneys, Holland & Knight LLP, answering the Complaint of Plaintiff David Oppenheimer & Co. ("Plaintiff"), and respectfully states upon information and belief:

1.  Admits that this action is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333. Denies the remaining allegations set forth in the FIRST paragraph.

2. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the SECOND paragraph of the Complaint.

3. Admits that APL was and now is engaged in the business as common carrier of goods by water for hire and owned, operated, managed, chartered and/or otherwise controlled the vessels carrying the goods that were shipped under bills of lading APLU 901011645, APLU 901011603, APLU 901011191, APLU 901015555, APLU 901011518, and APLU 901015321, and that are the subject matter of this action. Denies the remaining allegations set forth in the THIRD paragraph of the Complaint.

4. Admits that venue is proper by reason of the forum selection clause contained in bills of lading APLU 901011645, APLU 901011603, APLU 901011191, APLU 901015555, APLU 901011518, and APLU 901015321. Denies the remaining allegations set forth in the FOURTH paragraph of the Complaint.

5. Admits that the vessels carrying the goods that were shipped under bills of lading APLU 901011645, APLU 901011603, APLU 901011191, APLU 901015555, APLU 901011518, and APLU 901015321 were at all relevant times employed in the common carriage of goods by water for hire. Denies the remaining allegations set forth in the FIFTH paragraph of the Complaint.

6. Admits that APL accepted said shipments described in Schedules "A" through "D" and so shipped and delivered them pursuant to the terms of bills of lading APLU 901011645, APLU 901011603, APLU 901011191, APLU 901015555, APLU 901011518, and APLU 901015321, and in consideration of certain agreed freight charges, agreed to transport and carry the said shipments to the ports of destination stated in Schedules "A" through "D" and there

deliver same in good order and condition to the consignees named in Schedules "A" through "D." Denies the remaining allegations set forth in the SIXTH paragraph of the Complaint.

7. Admits that the said vessels arrived at the ports of destination, where they and APL made delivery of the shipments. Denies the remaining allegations set forth in the SEVENTH paragraph of the Complaint.

8. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the EIGHTH paragraph of the Complaint.

9. Denies the allegations set forth in NINTH paragraph of the Complaint.

10. Denies that Plaintiff is entitled to the relief sought.

### FIRST AFFIRMATIVE DEFENSE

11. APL alleges, by way of an affirmative defense, that American President Lines, Ltd. is not a proper party to this action, as it did not issue the applicable contracts of carriage.

### SECOND AFFIRMATIVE DEFENSE

12. APL alleges, by way of an affirmative defense, that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

13. APL alleges, by way of an affirmative defense, that Plaintiff is not the real party in interest.

### FOURTH AFFIRMATIVE DEFENSE

14. APL alleges, by way of an affirmative defense, that said shipments described in Plaintiff's Complaint were subject to all the terms, conditions and exceptions contained in bills of lading APLU 901011645, APLU 901011603, APLU 901011191, APLU 901015555, APLU 901011518, and APLU 901015321 to which Plaintiff agreed to be and is bound. Any shortage,

loss or damage to the shipment, which APL specifically denies, was due to causes for which APL was not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act ("COGSA"), *reprinted in* note following 46 U.S.C. § 30701, (formerly 46 U.S.C. § 1301 *et seq.*), and/or the Harter Act, 46 U.S.C. §§ 30702-30707 (formerly 46 U.S.C. App. § 190 *et seq.,*) and/or the applicable APL tariffs and/or provisions of the APL bills of lading and/or the general maritime law of the United States.

### FIFTH AFFIRMATIVE DEFENSE

15. APL alleges, by way of an affirmative defense, that any damage sustained or to be asserted by Plaintiff, which APL specifically denies, was a result of the negligence or recklessness of either Plaintiff and/or other parties over which APL had no control and/or for which APL cannot be held liable.

### SIXTH AFFIRMATIVE DEFENSE

16. If, which is denied, APL is found liable for any loss or damage to the cargo in question, Plaintiff's right to recovery from APL must be denied for its assured's failure to mitigate its damages. 46 U.S.C. App. § 1304.

### PRAYER FOR RELIEF

WHEREFORE, APL respectfully requests:

1. The Complaint against APL be dismissed with prejudice and that judgment be entered in favor of APL; and,

2.  For such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        September 21, 2009

                                        HOLLAND & KNIGHT LLP

                                        By: _____
                                        James H. Hohenstein
                                        Lissa D. Schaupp
                                        HOLLAND & KNIGHT LLP
                                        195 Broadway
                                        New York, New York 10007
                                        Telephone: 212-513-3200
                                        Telefax: 212-385-9010
                                        E-mail: jim.hohenstein@hklaw.com
                                                lissa.schaupp@hklaw.com

                                        Attorneys for Defendant,
                                        *APL Co. Pte Ltd.*

TO:

Leroy S. Corsa, Esq.
CHALOS & CO., P.C.
123 South Street
Oyster Bay, New York  11771
*Attorneys for Plaintiff*

# 8822092_v1